NATIONAL FREIGHT, INC., a New Jersey corporation; Dart Transit Company, a Minnesota corporation; Owens—Illinois, Inc., an Ohio corporation; and Continental Can Company, Inc., a Delaware corporation, Plaintiffs,

v.

Thomas D. LARSON, Secretary of Transportation; Col. Daniel F. Dunn, Commissioner of State Police; Leroy S. Zimmerman, Attorney General; and Hon. Richard Thornburgh, Governor, Defendants.

Civ. A. No. 83–1733.

United States District Court,
M.D. Pennsylvania.

April 12, 1984.

As Amended April 16, 1984.

John Duncan Varda, DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C., Madison, Wis., Jack M. Stover, Shearer, Mette & Woodside, Harrisburg, Pa., for plaintiffs.

Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

## I.  INTRODUCTION

Before us are the parties' cross-motions for summary judgment.  Plaintiffs are in-

terstate shippers and carriers who desire to use 53-foot truck trailers throughout Pennsylvania without any limitations on the length of the truck tractor. Defendants argue that, pursuant to Pennsylvania's most recent amendment to its Vehicle Code,[1] 53-foot trailers cannot be used legally on *any* highway unless the overall length of the truck tractor and trailer is 60 feet. Plaintiffs claim that the portions of the Pennsylvania statutes which regulate overall length and trailer length conflict with the federal Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. §§ 2301–2315, and are invalid under the Supremacy Clause.

While the issues presented engender much public interest and debate, the constitutional aspects are not complicated. The Supremacy Clause of the United States Constitution provides that the laws of the United States "shall be the supreme Law of the Land, and Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Const., Art. VI. The doctrine of federal supremacy is clear: any state law that conflicts with federal law must give way. This is particularly pertinent in the area of interstate commerce where:

> [the] history of law has established beyond the slightest doubt that Congress has pre-eminent authority under the Commerce Clause of the Constitution, Art. 1, § 8, to legislate where activities

affecting interstate commerce are concerned, to pre-empt those state laws in conflict with congressional enactments, and to prohibit state regulations concerning activities having a substantial effect on interstate commerce even in the absence of any contradictory congressional enactments.

*United States v. State Of Connecticut,* 566 F.Supp. 571, 574 (D.Conn.1983) (footnote omitted), *aff'd,* No. 83–6159 (2d Cir. Sept. 1, 1983), *aff'd,* —— U.S. ——, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984).[2]

■ Once Congress has acted in an area, it is not for the courts to question whether the federal law is less reasonable than any state statute. Rather, it is the court's duty to interpret the federal statute and to determine whether any portion of a competing state statute is inconsistent with the federal provisions and must be stricken. It is this task we face with the Surface Transportation Assistance Act and Pennsylvania's recent truck tractor-trailer length limitations.

## II. THE COMPETING FEDERAL AND COMMONWEALTH STATUTES

### A. The Federal Statute

On January 6, 1983, the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 2301–2315, was signed into law, to be effective by April 6, 1983. Section 411 of the Act, 49 U.S.C. § 2311, at

---

**1.** Vehicle Code, 75 Pa.C.S.A. § 4923 (Supp.1983–1984), *as amended,* 1983 Pa.Legis.Serv. 83 (Purdons) (Act. No. 1983–19).

**2.** The Connecticut district court further enunciated the following:

> It has long been recognized that "[t]he power of Congress over interstate commerce is plenary and complete in itself, may be exercised to its utmost extent, and acknowledges no limitations other than are prescribed in the Constitution," and that "no form of state activity can constitutionally thwart the regulatory power granted by the commerce clause to Congress," *United States v. Wrightwood Dairy Co.,* 315 U.S. 110, 119, 62 S.Ct. 523, 526, 86 L.Ed. 726 (1942). There can be no question at this late date that Congress has authority to pre-empt state laws regulating activity affecting interstate commerce. *Pacific Gas & Elec-*

*tric Co. v. State Energy Resources Conservation and Development Commission,* —— U.S. ——, ——, 103 S.Ct. 1713, 1720–22, 75 L.Ed.2d 752 (1983). Indeed, Congress may, under the Commerce Clause, prohibit all state regulation (and not merely such regulation as is inconsistent with Federal law) where an activity having a substantial effect on interstate commerce is involved. *Hodel v. Virginia Surface Mining & Reclamation Association,* 452 U.S. 264, 290, 101 S.Ct. 2352, 2367, 69 L.Ed.2d 1 (1981). It follows that, where Congress explicitly preempts state regulation in a field, all laws of the states purporting to regulate activity in that field are overridden under the Supremacy Clause. *City Of Burbank v. Lockheed Air Terminal,* 411 U.S. 624, 633, 93 S.Ct. 1854, 1859, 36 L.Ed.2d 547 (1973).

*State Of Conn.,* 566 F.Supp. at 574 n. 6.

first glance, appears to concern length limitations only as applied to federally assisted highways [the Designated Network].[3] Plaintiffs make a strong argument, however, that subsection (b) affects *all* highways within a state and not just those within the Designated Network. To best understand this issue, therefore, it is necessary to examine the pertinent subsections of section 411.

Subsection (a) provides that no state can enforce any regulation that imposes a vehicle length limitation of less than 48 feet on a semitrailer unit operating in a tractor-semitrailer combination on any segment of the Designated Network.[4] 49 U.S.C. § 2311(a).

Subsection (b) clarifies subsection (a) by stating that any state length limitation enforced by a state under subsection (a) shall apply *solely* to a semitrailer or trailer and *not to the truck tractor.* The statute further directs the following:

*No State shall establish,* maintain, or enforce any regulation of commerce which imposes *an overall length limitation* on commercial motor vehicles operating in truck-tractor semitrailer or truck-tractor-semitrailer, trailer combinations. *No State shall establish,* maintain, or enforce *any regulation of commerce which has the effect of prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State on December 1, 1982.* No State shall establish, maintain, or enforce any regulation of commerce which has the effect of prohibiting the use of existing trailers or semitrailers, of up to twenty-eight and one-half feet in length, in a truck tractor-semitrailer combination if those trailers or semitrailers were actually and lawfully operating on December 1, 1982, within

a sixty-five-foot overall length limit in any State.

49 U.S.C. § 2311(b) (emphasis added).

Subsection (c) additionally forbids any state from prohibiting the operation of tandem trailers, which are truck tractors with two trailing units, on any segment of the Designated Network. This subsection has been upheld by the Supreme Court as a valid exercise of Congress' power of preemption on matters affecting interstate commerce. *United States v. State Of Connecticut,* 566 F.Supp. 571 (D.Conn.1983), *aff'd,* No. 83–6159 (2d Cir. Sept. 1, 1983), *aff'd,* —— U.S. ——, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984).

### B. *The Pennsylvania Statute*

Upon the enactment of STAA, the Pennsylvania legislature amended its Vehicle Code to attempt to conform to STAA's provisions. Previously, Pennsylvania's statute directed that no motor vehicle combination could exceed an overall length of 60 feet. 75 Pa.C.S.A. § 4923(a) (Supp. 1983–1984). The amendment added an exception to this length limitation to "[a]ny combination consisting of a truck tractor and one or two trailers, when driven as described in section 4908 (relating to operation of certain combinations on interstate and certain primary highways), *provided that, except when being operated as a part of a combination of a tractor and single trailer not exceeding an overall length of 60 feet,* the length of a single trailer shall not exceed 48 feet and the length of each double trailer shall not exceed 28 feet." 1983 Pa.Legis.Serv. 83, 90 (Purdons) (adding 75 Pa.C.S.A. § 4923(b)(6)).

In other words, Pennsylvania permits the operation of trailers in excess of 48 feet in

---

**3.** The federally assisted highways affected by the Act are the National System of Interstate and Defense Highways and classes of qualifying Federal-aid Primary System highways, as designated by the Secretary of Transportation pursuant to subsection (e). 49 U.S.C. §§ 2311(a), (c); 2312. For the purpose of this opinion, we will refer to these highways as the Designated Network.

**4.** Subsection (a) also prohibits state regulations of length limitations of less than 28 feet on a semitrailer or trailer unit operating in a tractor-semitrailer-trailer combination on any segment of the Designated Network. 49 U.S.C. § 2311(a).

length on segments of the Designated Network as long as the overall length of the tractor-trailer unit is 60 feet or less. On all other state roads, the overall length limitation of any tractor-trailer combination remains 60 feet. 75 Pa.C.S.A. § 4923(a). Plaintiffs argue that this 60-foot length limitation for tractor-trailer units operating on the Designated Network and Pennsylvania's remaining roadways is in direct contradiction to STAA's prohibition of overall length limitations. Plaintiffs thus claim that Pennsylvania's length restriction must be invalidated.

### III. ANALYSIS

Although parts of the federal and Pennsylvania statutory language are awkwardly phrased, certain aspects are clear. First, under STAA, no state can prohibit the operation of trailers of 48 feet or less on any segment of the Designated System. 49 U.S.C. § 2311(a). The first sentence of subsection (b) makes it explicit that the 48-foot length limitation in subsection (a) applies only to trailers or semitrailers, and not to truck tractors. Secondly, to prevent the states from rolling back previous length limitations, no state can prevent the use of a trailer or semitrailer of such dimensions that were in actual and lawful use within the state as of December 1, 1982. 49 U.S.C. § 2311(b). Finally, the states cannot establish an overall length limitation for tractor-trailer units. *Id.*

The uncertain aspect of STAA, however, is whether the provisions in subsection (b) apply to all roadways within a state or just those highways within the Designated System. This is the question before us. Additionally, we must determine whether Pennsylvania's 60-foot overall length limitation conflicts with STAA. Since it is absolutely clear that subsection (b)'s prohibitions against state regulations apply to the Des-

ignated System at the very minimum, we will address the latter issue first.[5]

The parties have stipulated that as of December 1, 1982, Plaintiff National Freight, Inc. actually and legally operated 53-foot trailers in Pennsylvania. As Defendants admit, this 53-foot trailer length was not regulated *per se* by Pennsylvania statute. Rather, because of the 60-foot overall length limitation on the tractor-trailer unit, 75 Pa.C.S.A. § 4923(a), the *practical limitation* on the trailer length was 53 feet. Defendants' brief in support of summary judgment, at 7–8. The prior maximum permissible trailer length in Pennsylvania, thus, was 53 feet.[6] Under STAA, Pennsylvania now cannot prohibit the use of trailers less than 53 feet in length. 49 U.S.C. § 2311(b).

Furthermore, Pennsylvania cannot impose an overall length limitation on a tractor-trailer unit. Nevertheless, Pennsylvania's statute currently provides, in essence, that no tractor and single trailer combination can exceed an overall length of 60 feet when operated upon the Designated Network. In attempting to circumvent the clear statutory language of STAA, Defendants maintain that the 60-foot length limitation is merely a "condition" of operation of 53-foot trailers that existed prior to STAA's enactment and which continues today under STAA's grandfather clause.

■ We must reject Defendants' arguments on this point. Congress' explicit prohibition against the states regulating the overall length of tractor-trailer units terminates Pennsylvania's "conditional" use of 53-foot trailers. Therefore, Pennsylvania's prohibition of the operation of tractor-trailer units exceeding 60 feet in overall length on the Designated Network, being in direct contradiction of federal law, is invalid pur-

---

**5.** *See* text at 1465–1466 *infra* for a discussion of the applicability of § 411(b) of STAA to all roadways within Pennsylvania.

**6.** On this point, we must dismiss Defendants' contention that the maximum trailer length in Pennsylvania was anything less than 60 feet as long as the overall length did not exceed 60 feet.

This position is illogical. The implicit admission by both parties is that the minimum feasible length of a tractor that pulls a 53-foot trailer is 7 feet. Thus, for the purpose of this case, the maximum length of a trailer legally operating in Pennsylvania as of December 1, 1982, was 53 feet and not anything short of 60 feet.

suant to the Supremacy Clause of the Constitution.

## IV. PENNSYLVANIA'S 60-FOOT OVERALL LENGTH LIMITATION AS APPLIED TO ROADWAYS NOT PART OF THE DESIGNATED SYSTEM

Plaintiff's contend that subsection (b)'s grandfather clause as to trailer length and the prohibition against overall length limitations apply to all Pennsylvania roadways and not just those highways that are part of the Designated Network. In support thereof, Plaintiffs note that only subsections (a) and (c) mention the Interstate and Federal-aid Primary System highways (Designated Network). *Id.*, at § 2311(a), (c). While the first sentence of subsection (b) refers to subsection (a), Plaintiffs maintain that the remaining provisions in subsection (b) read as separate sentences that address state regulations on any highway. Plaintiffs further observe that the Secretary of Transportation was authorized to designate "qualifying Federal-aid Primary System highways subject to the provisions of *subsections (a) and (c)* of this section ..." with subsection (b) not being included. 49 U.S.C. § 2311(e).

In addressing this issue, we recall the Ninth Circuit's comments in its attempt to interpret the meaning of a statute:

While success for the novelist often lies in suggestive ambiguity allowing the readers to share in the process of creation, perfection for a statute's crafter lies in unquestionable clarity, forcing his audience to participate only in the process of implementation. When those charged with the responsibility of enforcing a statute find sufficient ambiguity by which to substitute creation for rote implementation, the judiciary must insure that the interpretation of the statute conforms to the probable intent of statute's collective authors. Not gifted with literary omniscience, the judiciary must rely on the words of the statute, legislative history, subsequent case law, common sense and consideration of relevant policy implications in order to properly shape its critique.

*Finnegan v. Matthews,* 641 F.2d 1340, 1344 (9th Cir.1981). Thus, in interpreting STAA, we must consider the plain language of the statute, STAA's legislative history, and the underlying policy implications.

Examining the statutory language first, we observe that subsections (a) and (c) explicitely refer to the operation of certain commercial vehicles on the Designated Network. Subsection (a) prohibits a state from regulating a length limitation of less than 48 feet for a trailer operating on any segment of the Designated Network. Subsection (c) forbids a state from prohibiting the operation of twin trailers on any segment of the Designated Network.

In contrast, subsection (b) does not condition its prohibition of certain state regulations concerning overall length limitations to vehicles operating on the Designated Network. While the first sentence in subsection (b) refers back to subsection (a), the sentence appears to be only a clarification of subsection (a). The two pertinent sentences of subsection (b) that follow are:

No state shall establish, maintain, or enforce any regulation of commerce which imposes an overall length limitation on commercial motor vehicles operating in truck—tractor semitrailer or truck tractor semitrailer, trailer combinations. No state shall establish, maintain, or enforce any regulation of commerce which has the effect of prohibiting the use of trailers or semitrailers of such dimensions as those that were in actual and lawful use in such State on December 1, 1982.

49 U.S.C. § 2311(b). One district court has interpreted this language as prohibiting the states from imposing *any* overall length limitations on all highways within the states. *United States v. State of Florida,* 585 F.Supp. 807 at 810 (N.D.Fla.1984).

Additionally, subsection (e) states, "The Secretary shall designate as qualifying Federal-aid Primary System highways *subject to the provisions of subsection (a) and (c)* of this section those Primary System highways that are capable of safely

accommodating the vehicle lengths set forth therein." 49 U.S.C. § 2311(e)(1) (emphasis added). Subsection (b) is noticeably absent from this provision.

■ We conclude that the Statutory language of STAA is clear that only subsections (a) and (c) refer to the operation of motor vehicles on the Designated Network. The provisions of subsection (b) concerning the grandfather clause and the overall length limitations apply to tractor-trailer units operating on *any* state highways. We do not concur with Defendants' argument that the reference to subsection (a) in the *first* sentence of subsection (b) incorporates subsection (a)'s "Designated Network limitation" to all of the provisions in subsection (b). Defendants' analysis appears particularly unlikely in view of subsection (e)'s referral to only subsections (a) and (c).

Defendants have asserted that a finding that states cannot regulate the overall length of tractor-trailer units on state roads renders section 2312 superfluous. We disagree. Section 2312 provides that no state can deny "reasonable access to commercial motor vehicles subject to this chapter between (1) the [Designated Network] and (2) terminals, facilities for food, fuel, repairs, and rest, and points of loading and unloading for household goods carriers." 49 U.S.C. § 2312. Subsection (c) of STAA, which concerns the operation of twin trailers on the Designated Network, is subject to section 2312's access provision. Moreover, in any state that previously did not permit the operation of 48-foot trailers or twin trailers, the guarantee of access to the Designated Network will apply to such vehicles operating under subsections (a) and (c). Thus, section 2312 of STAA is not superfluous in any sense.

Turning next to STAA's legislative history, we find little guidance. As Plaintiffs note, the legislative history of STAA is poor, the Conference Committee Report merely paraphrasing the statute. In the House Conference Report, No. 97–987, the House bill is observed to preclude the states from prohibiting trailers of such dimensions that were legally used as of the date of enactment of the Act. The Senate amendment "assures that State regulation may not apply to the length of truck tractors or the overall length of singles and doubles." H.R.Rep. No. 987, 97th Cong., 2d Sess. 4 (1982) *reprinted in* 1982 U.S. Code Cong. & Ad.News 3639, 3692, 3714–15. Neither comments on the House bill or the Senate amendment mention that these prohibitions are limited to vehicles operating on the Designated Network.

In furtherance of their interpretation of STAA, Defendants have presented excerpts of Federal Highway Administration (FHWA) notices that indicate that the overall length limitation applies to vehicles operating on the Designated Network. *See* Defendants' Supplemental Submission, at 9a–18a; 48 Fed.Reg. 5210 (February 3, 1983); 48 Fed.Reg. 4844 (April 5, 1983); 49 Fed.Reg. 4203 (February 3, 1984). Only one FHWA notice cited by Defendants supports their position. This notice stated that 49 U.S.C. § 2311 prohibited all states from imposing overall length limits on the operation of tractor-trailer units on the Designated Network. 48 Fed.Reg. 5210–5211 (February 3, 1983). Nevertheless, this statement constitutes only the FHWA's interpretation of STAA and is not binding upon this court.[7] *See also* 48 Fed.Reg. 41,276, at 41,279 (Sept. 14, 1983) (" *We interpret* Section 411(b) to be consistent with the rest of Section 411 and applicable only to the National [Designated] Network.")

While not ignoring the FHWA's interpretation, we find it difficult to fully determine the underlying policy implications of STAA. Without doubt, Congress intended to enhance interstate commerce by requiring all states to permit the operation of 48-foot trailers and twin trailers on any

---

7. Defendants also note that this court previously commented that subsection (b)'s overall length limitation affected vehicles operating on the Designated Network. *See Commonwealth v. Dole*, No. 83–0464 (M.D.Pa.1983), memorandum of April 14, 1983, at 1–2. We find that our prior summary of STAA was erroneous in regard to subsection (b). In DOLE, the sole question facing us was the legality of the Secretary's classification of certain Pennsylvania roadways as part of the Designated Network, and not the scope of § 2311(b).

segment of the Designated Network. Aware that some states would be recalcitrant in permitting the operation of such vehicles, Congress authorized the Secretary of Transportation, and not the states, to determine the Designated Network segments. Additionally, all states were required to permit reasonable access from the Designated Network to terminals and food and rest facilities. The policy implication underlying the overall length limitation is not so clear.

Plaintiffs assert that this overall length limitation reflects Congress' concern for safety by the use of short tractors. In support thereof, Plaintiffs cite the report of the Senate Committee on Commerce, Science, and Transportation concerning STAA, S.Rep. No. 97–298, 97th Cong., 1st Sess. 4 (1981), which Plaintiffs recognize is only a report on a bill that was not actually passed. With this caveat in mind, Plaintiffs persuasively argue that tractor length and safety were important factors to supporters of a provision preventing overall tractor-trailer lengths.[8]

Considering the statutory language, the poor legislative history, and the unclear policy underlying the overall length limitation, we conclude that STAA does prohibit the states from regulating the overall length of tractor-trailer units operating on any state roadway. We believe our interpretation of section 2311(b) is consistent with the other provisions in STAA. As of December 1, 1982, Pennsylvania permitted the operation of 53-foot trailers anywhere in Pennsylvania (with the possible exception of one or two particularly dangerous roads limited to small vehicles). With the enactment of STAA, Pennsylvania now cannot roll back this trailer length maximum nor regulate the maximum length of a truck tractor. STAA's prohibition of an overall length will not substantially increase the overall length of vehicles previously permitted on Pennsylvania's roads, thus permitting the use of longer but safer tractors.

■ In conclusion, Pennsylvania's statutory provisions regulating a 60-foot overall length, 75 Pa.C.S.A. § 4923(a) and (b)(6), as amended, conflict with the provisions of STAA, 49 U.S.C. § 2311(b), and therefore are void under the Supremacy Clause.[9]

An appropriate order will be entered.

### ORDER & JUDGMENT

AND NOW, this 12th day of April, 1984, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment on the First Claim of the Second Amended Complaint is granted and Defendant's motion for partial summary judgment is denied. Judgment be and hereby is entered in favor of Plain-

---

**8.** A pertinent part of this Senate committee report is as follows:

Specifically, the amendment permits continued State regulation of the size of the cargo units of commercial motor vehicles. No State may prohibit trailers of 48 feet or less. States would not be permitted to regulate the overall length of the vehicle. Nor would States be allowed to establish regulations any less restrictive than exist today.

While the prohibition on regulation of the overall length of trucks may seem to be a major change, as a practical matter it will not result in significantly larger trucks than are on the road today and it will assure that safety will not be jeopardized by undue restrictions on the power unit. The great bulk of truck length is contained in the cargo carrying unit that is still under regulation by the States. *By focusing on trailer-size limitations only, there is no incentive to squeeze the truck cab down to an unsafe size in order to meet an overall length requirement.* More-

over, the driver can assure that there is sufficient separation between the tractor and the trailer to provide optimum control of the vehicle and minimum weight on the front steering axle. With an overall length limit, often trucks must either be configured in a way that is less safe or else give up valuable cargo space to allow for more safe driving conditions. In the future, truckers will not have to face that dilemma.

S.Rep. No. 97–298, 97th Cong., 1st Sess. 4 (1981) (emphasis added).

**9.** In their brief, Defendants preserved the question of whether STAA violated the Tenth Amendment since the issue was pending before the Supreme Court. On February 21, 1984, the Supreme Court affirmed the decision finding no Tenth Amendment violation by the enactment of STAA. *Connecticut v. United States,* — U.S. ——, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984) *aff'g,* 566 F.Supp. 571, 577–78 (D.Conn.1983), *aff'd,* No. 83–6159 (2d Cir. Sept. 1, 1983).

**1468**

tiffs National Freight, Inc.; Dart Transit Company; Owens—Illinois, Inc.; and Continental Can Company, Inc. and against Defendants Thomas D. Larson, Col. Daniel F. Dunn, LeRoy S. Zimmerman, and the Hon. Richard Thornburgh.

IT IS FURTHER ORDERED, in accordance with the accompanying April 12, 1984, memorandum, that sections 4923(a) and 4923(b)(6) of Pennsylvania's Vehicle Code, 75 Pa.C.S.A. § 4923(a), (b)(6) (Supp.1983–1984), *as amended,* 1983 Pa.Legis.Serv. 83, 89–90 (Purdons) (Act. No. 1983–19), being partially in conflict with the Surface Transportation Assistance Act of 1982 (STAA), 49 U.S.C. § 2311(b), are null and void pursuant to the Supremacy Clause, Const., Art. VI, cl. 2, only to the extent that the Pennsylvania statutory provisions regulate the overall length of a truck tractor and single trailer combination driven on any Pennsylvania roadway and to the extent that the provisions limit the length of a single trailer to 48 feet rather than a maximum of 53 feet. Thus, a trailer driven in a combination of a truck tractor and single trailer on any Pennsylvania roadway cannot exceed 53 feet and Pennsylvania cannot regulate the overall length of a truck tractor or a truck tractor-single trailer combination.

IT IS FURTHER ORDERED that the parties bear their own costs.