OPINION OF THE COURT
Solomon H. Friend, J.
This case and others pending before this court,[1] basically involve threshold questions of law involving statutory interpretations, regulatory authority and the precedential effect of a recent decision of Judge Charles Haight of the United States District Court for the Southern District of New York in New York State Motor Truck Assn. v City of New York (654 F Supp 1521 [SD NY 1987], affd 833 F2d 430 [2d Cir 1987]) (the Motor Truck case). Hence, no evidentiary trial is required. A brief trial, nevertheless, was held on September 28, 1987 at which the police officer who issued the two traffic informations involved herein testified to facts substantially in corroboration of the details contained on the face of the informations,[2] and the defendant offered no evidence, relying on the contention that as a matter of law, New York State’s size and width limitations in Vehicle and Traffic Law § 385 (1) and (4) (a) for use of Interstate 495, the Long Island Expressway (hereinafter referred to as the L.I.E.), a Federally funded highway,[3] are preempted by the Surface Transportation Assistance Act (STAA) (49 USC § 2301), and hence are an unconstitutional intrusion into an area Congress has specifically reserved for Federal legislation and policy. Defendant also contends that the over-length summons was invalid because it was issued with respect to a trailer which transports motor vehicles pursuant to a statute expressly not applicable to Federally funded highways, such as the L.I.E.
After the trial, defendant moved on formal motion papers to dismiss the proceedings. It is that motion to which this opinion is addressed.
Preliminarily, certain undisputed facts should be emphasized to place this case in proper focus.
*725 On June 11, 1987, at 4:55 p.m., the police officer on duty issued summon TF686917-0 for an over-width motor vehicle transporter traveling on the L.I.E. in alleged violation of Vehicle and Traffic Law § 385 (1). The width of the vehicle, as measured by the officer, was 101 inches and the length of the combination of transporter and trailer was 70 feet 10 inches. The officer correctly testified that the L.I.E., at the place where defendant was ticketed, is a "qualifying highway”. Vehicle and Traffic Law § 134-a defines a "Qualifying highway” as one "on the national system of interstate * * * highways and federal-aid primary system highways that are designated by the [New York State] commissioner of transportation pursuant to section sixteen hundred twenty-seven”. Vehicle and Traffic Law § 1627 (a) authorizes the Commissioner of Transportation, by rule or regulation, to designate qualifying highways. In 1985, the Commissioner designated the L.I.E., eastbound and westbound lanes, as a qualifying highway "between * * * New York City * * * and the Nassau-Suffolk county line in the Villages of Lake Success, North Hills, East Hills and Old Westbury and [the] Towns of North Hempstead and Oyster Bay” (15 NYCRR 8028.00).
The Commissioner’s regulation did more than merely designate the specific portions of the L.I.E. as a qualifying highway —it also added a significant restriction that trucks, trailers and other special dimension vehicles could only use the L.I.E. between the hours of 7:00 p.m. and 7:00 a.m. and even then, on the right lane only (Hours of Operation Restrictions).
Vehicle and Traffic Law § 385 (1) (a), in pertinent part, provides: "The width of a vehicle * * * shall be not more than ninety-six inches plus safety devices, except that the maximum width of a vehicle, inclusive of load, shall be one hundred two inches, plus safety devices, on any qualifying highway with traffic lanes designed to be a width of twelve feet or more” (emphasis added).
It is undisputed on this record that the width of the subject vehicle was 101 inches, that the place where defendant was ticketed was a "qualifying highway”, and that the traffic lanes on the L.I.E. were 12 feet. By reference solely to Vehicle and Traffic Law § 385 (1) (a), it would appear that the over-width summons should be dismissed because the subject vehicle was less than the 102 inches prohibited on the L.I.E., a qualifying highway. The People, however, premise their entire case on the proposition that defendant has violated section 385 (1) *726 because the vehicle was traveling on the L.I.E. at 4:55 p.m., a prohibited time and that the Commissioner’s Hours of Operation Restrictions, quoted above, have the same force of law in defining violations of the Vehicle and Traffic Law as a legislative enactment. The argument is advanced even though in the Motor Truck case (supra), Judge Haight invalidated New York City’s Hours of Operation Restrictions, in respect to tandem trailers operating on interstate highways within the city’s borders, on grounds of Federal preemption and constitutional supremacy, i.e., the city law conflicted with Federal law and stood as an obstacle to the purposes and objectives of Congress.
Indeed, this court is caused to ponder why, in the face of Judge Haight’s lengthy and well-reasoned opinion, affirmed by the United States Court of Appeals for the Second Circuit, the People have continued to press this case and the New York State Department of Transportation has continued to enforce its daytime ban on use of the L.I.E. by larger trucks. Only one reason, not mentioned in defendant’s able brief, suggests itself.
As noted in the Motor Truck case (supra), representatives of New York City and New York State lobbied the Federal Highway Administration (FHWA) for regulations to alleviate perceived safety problems arising from the use of Federally approved large vehicles on interstate highways passing through heavily trafficked and congested areas in New York City and the L.I.E. in Nassau County. As a result, a "Final Rule” designating certain portions of the L.I.E., New York City and other suburban metropolitan areas for use by larger vehicles was promulgated and codified in 23 CFR part 658. Appendix A to 23 CFR part 658 describes for New York State and other States those roads which comprise the national network within each State’s boundaries. Significantly, a footnote appears at the end of the description for New York State and it is this footnote which the People argue justifies the ticket in issue.
The portion of the footnote involved in the Motor Truck case (supra) pertained to interstate routes in New York City and expressly permitted operating limitations during the morning and evening peak traffic periods. The City of New York had argued that this footnote, promulgated by the United States Secretary of Transportation and the FWHA, constituted sufficient authorization and, as Judge Haight, in the Motor Truck *727 case put it, "the final solution” to New York City’s concerns (supra, at 1528).
New York City’s Traffic Rules and Regulations, designated qualifying highways within the city, imposed Hours of Operation Restrictions applicable to the use of such highways by tandem trailers, contained detailed provisions for obtaining permits to accommodate extra-wide trucks for deliveries and pickups and for access, and specific length restrictions for semitrailers and combination vehicles.
Judge Haight expressly held that the length restrictions contained in the City Traffic Regulations directly conflict with the language of section 411 (b) of the STAA (49 USC § 2311 [b]) and are preempted by the STAA. Judge Haight also invalidated the city’s Hours of Operation Restrictions on preemption and constitutional supremacy grounds in a careful analysis which needs no repetition as it appears applicable, virtually word for word, to the present case.
The present case involves a different portion of the footnote in appendix A to 23 CFR part 658, but the principles articulated in the Motor Truck case (supra) are no less relevant. The portion of the footnote in appendix A to 23 CFR part 658 relevant to the L.I.E. in Nassau County reads:
"1-495 from [the] New York City line to NY 25 at Exit 73 is available to through traffic with operating limitations during the morning and evening peak traffic periods.
"For specific information contact the following: New York Department of Transportation, State Office Campus, 1220 Washington Ave., Albany, New York 12232, (518) 457-1155.”
The People have not responded to defendant’s contention that the rationale of the Motor Truck case (supra), although involving New York City’s length and Hours of Operation Restrictions in relation to tandem trailers, is nonetheless applicable, with equal force, to New York State’s Hours of Operation Restrictions promulgated by the Commissioner in 15 NYCRR 8028.00 in relation to over-dimension vehicles.
The court agrees with defendant. The portion of the footnote in appendix A, applicable to the L.I.E., no more validly authorized the New York Commissioner to promulgate 15 NYCRR 8028.00 than did the portion of the footnote applicable to New York City which was struck down by Judge Haight. Indeed, the Commissioner’s Hours of Operation Restrictions are even less detailed and even more restrictive than those of New York City which were struck down. Here *728 the State regulation totally prohibits use by over-dimension vehicles of the L.I.E. between 7:00 a.m. and 7:00 p.m. and not merely during morning and evening peak hours, as specified in the footnote in appendix A. Moreover, the State regulation contains no specific permit system, and contains no uniform provision for exceptions necessary to accommodate even government agency vehicles, defense or otherwise.[4]
More damaging to the People’s case are the express provisions of Vehicle and Traffic Law § 385 (1) (a), which, on their face, exonerates defendant. Thus, as above shown, Vehicle and Traffic Law § 385 (1) (a), which enforces a maximum width of 96 inches for vehicles not traveling on qualifying highways, expressly enlarges the permissible width to 102 inches for vehicles traveling on a qualifying highway. The width of defendant’s vehicle was 101 inches and hence within the width restrictions specifically permitted by statute.
Similarly, Vehicle and Traffic Law § 385 (4) (a), the subject of summons No. TF686918-0, imposes a maximum length for combination vehicles of 60 feet. However, Vehicle and Traffic Law § 385 (4) (b) (1) provides:
"The provisions of paragraph (a) of this subdivision shall not apply to:
"1. A combination of vehicles being operated on any qualifying highway[s]”.
It is thus clear that the very provisions of Vehicle and Traffic Law § 385 (4), which are the cornerstone of the over-length summons, expressly provides that the over-length limitations are not applicable to vehicles operated on a qualifying highway. Nor do Vehicle and Traffic Law §§ 134-a and 1627 constitute sufficient statutory authority for the Commissioner to promulgate the Hours of Operation Restrictions contained in 15 NYCRR 8028.00.
For the reasons stated in this opinion and for substantially the same reasons articulated by Judge Haight, defendant’s motion to dismiss the two summonses is granted. The footnote in appendix A to 23 CFR part 658 does not constitute sufficiently valid authorization for the Hours of Operation Restrictions contained in the Commissioner’s regulations. The Commissioner’s attempted imposition of Hours of Operation Restrictions on the L.I.E., a qualifying highway, is invalid on preemption and constitutional grounds.
*729 Because the vehicle involved in this case is a motor vehicle transporter having a combination length of 70 feet 10 inches, further comment is appropriate.
In the instant case, defendant’s motor vehicle transporter appears to be in full compliance with applicable Federal regulations since it was less than 72 feet in over-all length with the front and rear overhang. (See, 23 CFR 658.13 [d] [1].) Any attempt by New York State to enforce an over-all length limitation for such transporters which is less than that permitted by the Federal Government, or to impose Hours of Operation Restrictions would be invalid under the Supremacy Clause of the Constitution. (See, National Frgt. v Larson, 583 F Supp 1461, 1464-1465 [MD Pa 1984].)
A recently adopted Federal regulation is relevant at least to the extent that it reflects the Federal Highway Administration’s intention to comply with Judge Haight’s decision and to remove the footnotes related to time of day and other restrictions on interstate highway segments in New York. (See, 53 Fed Reg 28870 [Aug. 1, 1988].) The regulation amends 23 CFR part 658 by removing all of the footnotes in appendix A. In this regard, the explanation for the new regulation states (at 28871):
"FHWA has notified the State of New York that the hourly restrictions on 1-495 (Long Island Expressway) are in violation of current law and has provided the State the opportunity to apply for exemption under the aforementioned procedures, but the State has declined. This action [the removal of the footnote in appendix A] provides clarification that there is no present Federal approval of the operating restrictions.
"In the City of New York, the restrictions are not in effect because of * * * [Judge Haight’s injunction] that has been affirmed by the U.S. Court of Appeals for the Second Circuit * * *. This action brings the Appendix into compliance with * * * the court’s order”.
Under the new regulation FHWA approval of use restrictions on interstate segments is required, the procedures for such approval being outlined in 23 CFR 658.11 (d).
In invalidating New York State’s Hours of Operation Restrictions, the State is not without a remedy, but its remedy lies in obtaining approval from FHWA pursuant to 23 CFR 658.11 (d). It does not lie in the issuance of over-width and over-length traffic tickets which, in the opinion of this court, have no legal foundation and, therefore, are not enforceable. *730 This conclusion is especially compelling in the context of this case where the court is dealing with a criminal action (CPL 100.05, 100.10 [2] [a]), while Judge Haight’s case arose in the context of a civil injunction proceeding and declaratory judgment. Here, New York is attempting to criminalize over-dimension vehicles traveling on a qualifying highway, even though there exists no provision in the Vehicle and Traffic Law and no statutorily authorized regulation for the imposition of Hours of Operation Restrictions on a qualifying highway. Criminality is sought to be imposed on the basis of a regulation issued by the Commissioner under the purported authority of Vehicle and Traffic Law § 1627! As above stated, however, Vehicle and Traffic Law § 1627 merely authorized the Commissioner to designate qualifying highways. It did not authorize the Commissioner to establish Hours of Operation Restrictions for length of vehicles, the violation of which would transform otherwise lawful conduct into criminal conduct.
It requires no elaborate citation of judicial precedents or arguments of counsel for this court to conclude that criminal conduct cannot be created by regulations of State agency officials with dubious authorization from the State or Federal Government, absent a reasonably clear expression that the State Legislature intended to criminalize operations of over-dimension vehicles traveling on a qualifying highway in compliance with Federal requirements. In the context of this criminal case, fundamental concepts of Anglo-Saxon jurisprudence, not to speak of constitutional restraints, preclude this court from affirming criminality by administrative fiat, rather than by legislative enactment.[5]
Defendant’s motion to dismiss the two captioned summonses is granted.

. Twelve traffic informations are presently being contested in this court involving the same issues presented in this case.

. Tickets Nos. TF686917-0 and TF686918-0 were issued on June 11, 1987 at 4:55 p.m. at exit 35 on the L.I.E. within the Incorporated Village of North Hills. They charge, respectively, violations of Vehicle and Traffic Law § 385 (1), over-width trailer, 8 feet 5 inches, and Vehicle and Traffic Law § 385 (4) (a), over-length combination vehicle, 70 feet 10 inches.

. 1-495, the Long Island Expressway, was added to the interstate system on October 25, 1983 (23 CFR part 658, appendix A).

. The New York City Traffic Regulations exempted government agency vehicles from length restrictions.

. Indeed, a bill is presently pending in the State Legislature to amend Vehicle and Traffic Law § 385 in relation to over-dimension vehicles, including motor vehicle transporters. If enacted (the Senate has already passed the bill), the law would expressly legalize, rather than criminalize, the type of conduct here involved and eliminate conflicts with STAA.